UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MELVYN P. SPROWSON, JR,

Petitioner,

v.

RENE BAKER, *et al.*,

Respondents.

Case No. 3:20-cv-00170-MMD-CLB

ORDER

This is a habeas corpus matter under 28 U.S.C. § 2254. Petitioner has filed an application to proceed *in forma pauperis* (ECF No. 1), a motion for appointment of counsel (ECF No. 1-2), and a petition for a writ of habeas corpus (ECF No. 1-1). The Federal Public Defender then filed a motion for appointment of the Federal Public Defender as counsel for petitioner. (ECF No. 3.) Petitioner is unable to pay the filing fee, let alone afford counsel. The Court will thus grant Petitioner leave to proceed *in forma pauperis*, and the Court will appoint the Federal Public Defender to represent him.

It is therefore ordered that the application to proceed in forma pauperis (ECF No. 1) is granted. Petitioner need not pay the filing fee of five dollars.

It is further ordered that the Clerk of Court file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, currently docketed at ECF No. 1-1.

It is further ordered that the motion for appointment of the Federal Public Defender as counsel for Petitioner (ECF No. 3) is granted. The Federal Public Defender is appointed as counsel for Petitioner pursuant to 18 U.S.C. § 3006A(a)(2)(B). Counsel will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

It further is ordered that Petitioner will have until up to and including 90 days from entry of this order within which to file an amended petition and/or seek other appropriate

relief. Neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding as to the expiration of the federal limitation period and/or of a basis for tolling during the time period established. Petitioner always remains responsible for calculating the running of the federal limitation period and timely asserting claims, without regard to any deadlines established or extensions granted herein. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

It is further ordered that the Clerk of Court add Aaron Ford, Attorney General for the State of Nevada, as counsel for Respondents.

It is further ordered that Respondents' counsel must enter a notice of appearance within 21 days of entry of this order.

It is further is ordered that the Clerk of Court provide copies of all prior filings to both the Attorney General and the Federal Public Defender in a manner consistent with the Clerk of Court's current practice, such as regeneration of notices of electronic filing.

It is further is ordered that Respondents must file a response to the amended petition, including potentially by motion to dismiss, within 60 days of service of an amended petition, and that Petitioner may file a reply within 30 days of service of an answer. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, will be governed instead by Local Rule LR 7-2(b).

It is further ordered that any procedural defenses raised by Respondents to the counseled amended petition must be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in serial fashion—in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents may not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except

pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, may be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that, notwithstanding Local Rule LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney, unless later directed by the Court.

DATED THIS 1st day of April 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE