UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MELVYN P. SPROWSON, JR, | Case No. 3:20-cv-00170-MMD-CLB |
| Petitioner, | ORDER |
| v. | |
| RENE BAKER, *et al.*, | |
| Respondents. | |

This is a stayed and closed habeas corpus action under 28 U.S.C. § 2254. Currently before the Court are Petitioner's motion to reopen federal habeas proceedings and Petitioner's motion for leave to file a second amended petition for writ of habeas corpus. (ECF Nos. 15, 17.) Respondents do not oppose Petitioner's motions. (ECF Nos. 18, 19.) The Court finds that good cause exists to grant the motions.

It is therefore ordered that Petitioner's motion to reopen federal habeas proceedings (ECF No. 15) is granted. The Clerk of Court is directed to reopen this action and to lift the stay.

It is further ordered that Petitioner's motion for leave to file a second amended petition for writ of habeas corpus (ECF No. 17) is granted. Petitioner must file the second amended petition within 7 days of the date of entry of this order.

It is further ordered that Respondents must file a response to the second amended petition, including potentially by motion to dismiss, within 60 days of service of the second amended petition and that Petitioner may file a reply within 30 days of service of an answer. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, will be governed instead by LR 7-2(b).

It is further ordered that any procedural defenses raised by Respondents to the counseled amended petition must be raised together in a single consolidated motion to

dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in serial fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, may be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

DATED THIS 27th Day of April 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE