1
2
3                    UNITED STATES DISTRICT COURT
4                        DISTRICT OF NEVADA
5                                * * *
6   MELVYN SPROWSON,                      Case No. 3:20-cv-00170-MMD-CLB
7                        Petitioner,                  ORDER
8        v.
9   RENEE BAKER, et al.,
10                      Respondents.
11
12         Petitioner Melvyn Sprowson, a Nevada prisoner, has filed a counseled Second

13   Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 21

14   ("Petition").) Currently before the Court is Respondents' motion to dismiss the Petition.

15   (ECF No. 48 ("Motion").) Sprowson responded to the Motion, and Respondents replied.

16   (ECF Nos. 56, 62.) For the reasons discussed below, the Court denies the Motion.

17   **I.    PROCEDURAL HISTORY AND BACKGROUND**

18         Sprowson challenges his 2017 state court conviction, following a jury trial, of first-

19   degree kidnapping; child abuse, neglect, or endangerment with substantial bodily or

20   mental harm; and four counts of unlawful use of a minor in the production of pornography.

21   (ECF No. 42-2.) Sprowson was sentenced to an aggregate of 10 years to life. (*Id*.)

22   Sprowson appealed, and the Nevada Supreme Court affirmed in part, reversed in part,

23   and remanded the case. (ECF No. 43-11.) Specifically, the Nevada Supreme Court

24   reversed Sprowson's conviction for child abuse and remanded for a new trial on that

25   charge. (*Id*. at 6.) Remittitur issued on January 17, 2020. (ECF No. 44-5.) The state court

26   entered an amended judgment of conviction in accordance with the Nevada Supreme

27
28                                        1

1  Court's order, striking count 2 and running count 3 consecutive to count 1. (ECF No. 44-

2  9.)

3          Sprowson filed a *pro se* state petition for post-conviction relief. (ECF No. 11-2.)

4  The state court denied Sprowson's petition. (ECF No. 16-8.) Sprowson appealed, and the

5  Nevada Court of Appeals affirmed. (ECF No. 16-12.) Remittitur issued on February 28,

6  2022. (ECF No. 16-13.)

7  **II.    LEGAL STANDARDS & ANALYSIS**

8          Respondents argue that Sprowson's Petition contains claims that are unexhausted

9  and noncognizable. (ECF No. 48 at 6.)

10         **a.    Exhaustion**

11         A state prisoner first must exhaust state court remedies on a habeas claim before

12 presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion

13 requirement ensures that the state courts, as a matter of comity, will have the first

14 opportunity to address and correct alleged violations of federal constitutional

15 guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). "A petitioner has

16 exhausted his federal claims when he has fully and fairly presented them to the state

17 courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan*

18 *v. Boerckel*, 526 U.S. 838, 844-45 (1999) ("Section 2254(c) requires only that state

19 prisoners give state courts a *fair* opportunity to act on their claims.")).

20         A petitioner must present the substance of his claim to the state courts, and the

21 claim presented to the state courts must be the substantial equivalent of the claim

22 presented to federal court. *Picard v. Connor*, 404 U.S. 270, 278 (1971). The state

23 courts have been afforded a sufficient opportunity to hear an issue when the petitioner

24 has presented the state court with the issue's factual and legal basis. *Weaver v.*

25 *Thompson*, 197 F.3d 359, 364 (9th Cir. 1999); *see also Scott v. Schriro*, 567 F.3d 573,

26 582-83 (9th Cir. 2009) ("Full and fair presentation additionally requires a petitioner to

27

28                                              2

present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief."). A petitioner may reformulate his claims so long as the substance of his argument remains the same. *Picard*, 404 U.S. at 277-78 ("Obviously there are instances in which the ultimate question for disposition will be the same despite variations in the legal theory or factual allegations urged in its support . . . We simply hold that the substance of a federal habeas corpus claim must first be presented to the state courts.") (internal citations and quotation marks omitted).

### i.    Ground 9

In ground 9, Sprowson alleges that his appellate counsel was ineffective for failing to challenge the constitutionality of the use of a child in the production of a pornography conviction as unconstitutionally overbroad and vague based on the terms "encourage," "entice," and "permit," thereby violating his First, Fifth, Sixth, and Fourteenth Amendment rights. (ECF No. 21 at 30.) Respondents argue that the substance of ground 9 is significantly different from ground 3 of Sprowson's state post-conviction petition. (ECF No. 48 at 8.) Sprowson rebuts that the inclusion of facts and arguments in his instant Petition did not fundamentally alter the claim from his state post-conviction petition; rather, they clarify his general allegations. (ECF No. 56 at 4.)

In his *pro se* state post-conviction petition, Sprowson argued that "appellate counsel was ineffective for failing to challenge the constitutionality of the use of a child in the production of pornography conviction on the basis that 'encourage,' 'entice,' and 'permit' are unconstitutionally overbroad and vague, thereby violating [his] First, Fifth, Sixth, and Fourteenth Amendment rights." (ECF No. 11-2 at 22.) The Nevada Court of Appeals articulated Sprowson's claim as follows: "Sprowson claimed his appellate counsel was ineffective for failing to argue that the crime of use of a child in the production of pornography was unconstitutional because the terms encourage, entice, and permit as

3

1  used in the relevant statute are vague and overbroad." (ECF No. 16-12 at 5.) The Nevada

2  Court of Appeals then affirmed the denial of the claim, finding that "Sprowson did not

3  demonstrate that the terms 'encourage,' 'entice,' and 'permit' as utilized in NRS [§]

4  200.710(1) fail to provide a person of ordinary intelligence fair notice of what is prohibited

5  or that those terms are so standardless that the statute authorizes or encourages

6  seriously discriminatory enforcement." (*Id.*)

7      The Court has reviewed the record and concludes that Sprowson fairly presented

8  the allegations in ground 9 of the Petition in his state post-conviction petition. Indeed, any

9  added facts or allegations in the Petition do not fundamentally alter Sprowson's claim;

10 rather, as Sprowson argues, they clarify his *pro se* allegations. ground 9 is therefore

11 exhausted.

12      **b.     Cognizability**

13      The Antiterrorism and Effective Death Penalty Act ("AEDPA") "places limitations

14 on a federal court's power to grant a state prisoner's federal habeas petition." *Hurles v.*

15 *Ryan*, 752 F.3d 768, 777 (9th Cir. 2014) (citing *Cullen v. Pinholster*, 563 U.S. 170, 181

16 (2011)). When conducting habeas review, a federal court is limited to deciding whether a

17 conviction violates the Constitution, laws, or treaties of the United States. 28 U.S.C. §

18 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Unless an issue of federal

19 constitutional or statutory law is implicated by the facts presented, the claim is

20 not cognizable in federal habeas. *McGuire*, 502 U.S. at 68.

21      Federal habeas relief is unavailable "for errors of state law." *Lewis v. Jeffers*, 497

22 U.S. 764, 780 (1990). A petitioner may not transform a state-law issue into a federal one

23 merely by asserting a violation of due process. *Langford v. Day*, 110 F.3d 1380, 1381 (9th

24 Cir. 1996). Alleged errors in the interpretation or application of state law do not

25 warrant habeas relief. *Hubbart v. Knapp*, 379 F.3d 773, 779-80 (9th Cir. 2004). A

26 petitioner "cannot, merely by injecting a federal question into an action that asserts it is

27

28                                          4

plainly a state law claim, transform the action into one arising under federal law." *Caterpillar v. Williams*, 482 U.S. 386, 399 (1987); *accord Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999) (holding that federal habeas courts lack jurisdiction "to review state court applications of state procedural rules").

### i.     Ground 2

In ground 2, Sprowson alleges that the state court violated his clearly established right to present a complete defense and to confront witnesses by erroneously excluding evidence based on Nevada's rape shield statutes, thereby violating his Fifth, Sixth, and Fourteenth Amendment rights. (ECF No. 21 at 11.) Respondents argue that ground 2 is not cognizable in federal habeas because state evidentiary decisions are an issue of state law. (ECF No. 48 at 9.) While ground 2 may involve the state court's evidentiary decision, Sprowson clearly implicates federal constitutional law in ground 2 by arguing that his constitutional rights to present a complete defense and to confront witnesses were violated. Thus, ground 2 is cognizable.

### ii.     Ground 4

In ground 4, Sprowson alleges that because NRS § 200.700(4) is unconstitutional, his convictions under NRS § 200.710(2) violate his First, Fifth, Sixth, and Fourteenth Amendment rights. (ECF No. 21 at 14.) Respondents argue that ground 4 is not cognizable in federal habeas because it presents a challenge to a state court's interpretation of state statutes. (ECF No. 48 at 9-11 (citing *Peltier v. Wright*, 15 F.3d 860, 861 (9th Cir. 1994) (explaining that a federal writ of habeas corpus "is unavailable for alleged error in the interpretation or application of state law").) Sprowson rebuts that ground 4 is presenting a challenge to a state court's constitutional evaluation of state statutes, not a mere interpretation of state law. (ECF No. 56 at 8.)

Sprowson does not challenge the Nevada Supreme Court's interpretation of NRS § 200.700(4), as Respondents contend. Rather, Sprowson is challenging the Nevada

5

1  Supreme Court's conclusion that "Nevada's statutory definition of 'sexual portrayal' is [not]
2  unconstitutionally vague or overbroad." (ECF No. 43-11 at 8.) Ground 4 clearly implicates
3  federal constitutional law and is cognizable.

4  **III.    CONCLUSION**

5  It is therefore ordered that Respondents' motion to dismiss (ECF No. 48) is denied.

6  It is further ordered that Respondents have 60 days from the date of this order in
7  which to file an answer to the Second Amended Petition for Writ of Habeas Corpus (ECF
8  No. 21). The answer shall contain all substantive and procedural arguments as to the
9  petition and shall comply with Rule 5 of the Rules Governing Proceedings in the United
10  States District Courts under 28 U.S.C. § 2254.

11  It is further ordered that Sprowson has 30 days following service of Respondents'
12  answer in which to file a reply.

13  DATED THIS 1st Day of March 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

6